Peoples Gas Heating Company and American Financial Insurance Group, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and John J. Fitzmaurice, Respondents.

Argued September 13, 1977, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Fred C. Trenor, II,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioners.

*Alexander J. Pentecost,* with him *James N. Diefenderfer,* for respondents.

OPINION BY JUDGE CRUMLISH, JR., February 8, 1978:

The Workmen's Compensation Appeal Board (Board) dismissed an appeal from a decision of the referee denying a petition to terminate compensation benefits to Claimant, John J. Fitzmaurice. Peoples Gas Heating Company and American Financial Insurance Group (Appellants) take this appeal.

The petition sought to terminate workmen's compensation benefits, alleging that Claimant was no longer totally disabled from a job-related injury. Following a hearing, at which evidence was proffered, the referee made the following findings of fact: (1) that Claimant suffered an injury to his back in the course and scope of his employment as a salesman for Appellant, Peoples Gas Heating Company; (2) that Claimant received disability compensation for approximately one year pursuant to a Notice of Compensation Payable; (3) that Claimant was hospitalized and treated on several occasions for his back injury; (4) that

the injury rendered Claimant totally disabled and precluded him from returning to his usual and customary employment; (5) that Claimant suffers from various other physical problems which are not associated with his job-related disability; and (6) that Claimant's total disability continues to the present and will continue indefinitely. In making these findings, the referee relied upon Claimant's testimony and that of his physicians, electing not to accept the contradicted testimony of Appellants' physicians as to the nature of Claimant's disability, or that of two lay witnesses regarding the circumstances of Claimant's injury. No rationale was given by the referee in support of his decision to disregard this testimony.

In a proceeding to terminate payments under a Notice of Compensation Payable, the burden is upon the employer to prove that the disability of the claimant has terminated. *See Shoup v. The Allegheny Lutheran Home*, 25 Pa. Commonwealth Ct. 528, 360 A.2d 278 (1976). We view the evidence in the light most favorable to the party who prevailed below. *See Hiram Wible & Son v. Keith*, 8 Pa. Commonwealth Ct. 196, 302 A.2d 517 (1973). Questions of credibility and the resolution of conflicting testimony are for the fact-finder, and findings of fact sufficiently supported by the evidence will not be disturbed, although evidence to the contrary was also presented. *See Padilla v. Chain Bike Corp.*, 27 Pa. Commonwealth Ct. 190, 365 A.2d 903 (1976).

Appellants set forth several arguments alleging error and pray for a remand. These arguments are without merit. We affirm.

Appellants first argue that the referee erred by failing to make findings of fact that are comprehensive and explicit so as to disclose the complete posture of the case. It is Appellants' contention that a thorough discussion of each of Claimant's hospitalizations,

each diagnosis made, and each of Claimant's debilitating ailments would serve to make the referee's decision more intelligible and would assure the Board and the court that the referee has weighed the conflicting evidence and properly and adequately met the duty of his fact-finding function. While we may agree that this procedure would assure a more thorough explanation of the referee's thought processes, we are unable to find the lack of substantial evidence to support his decision. Although the referee's findings and conclusions are not as artfully drafted as they could be, they are, together with the record, sufficient for him and for us to support his decision.[1]

Appellants next contend that the referee erred when he relied on the medical opinions of Claimant's physicians because these opinions were based on Claimant's representations and the referee failed to explicitly make a finding relative to the veracity of the witnesses. Appellants rely on *Workmen's Compensation Appeal Board v. Czepurnyj*, 20 Pa. Commonwealth Ct. 305, 340 A.2d 915 (1975), for the proposition that a physician's conclusion based upon the *history of the accident* as related by Claimant is incompetent unless the facts which were the basis of his diagnosis and *determination of causal nexus* to the accident are proven by competent evidence to which the referee

---

[1] Our scope of review in workmen's compensation cases is to determine whether the Board's adjudication is supported by substantial evidence. *See Workmen's Compensation Appeal Board v. Ira Berger & Sons*, 470 Pa. 239, 368 A.2d 282 (1977). Substantial evidence is that evidence, including the inferences therefrom, which a reasonable man acting reasonably, might use in reaching a decision; but, if a reasonable man, acting reasonably, could not have reached the decision from the evidence and its inferences, then the decision is not supported by substantial evidence and it should be set aside. *See A. P. Weaver and Sons v. Sanitary Water Board*, 3 Pa. Commonwealth Ct. 499, 284 A.2d 515 (1974).

gives credence. This is inapposite to the case at hand. In *Czepurnyj, supra,* we were dealing with an appeal from a decision of the Board reversing a referee's award of compensation for total disability. Here, we are dealing with an appeal from a decision of the referee and Board refusing to terminate total disability payments to Claimant. We therefore are not concerned with the history of the accident or the causal nexus between the injury and Claimant's employment. Those issues were resolved at the time of the initial award and the only issue before us is whether there is substantial evidence to support the referee's finding that Claimant's total disability has not ceased. In making findings of fact on that issue, the referee chose to assign greater credibility to the testimony of Claimant's medical experts than to that of Appellants' witnesses; and it is not within our province to disturb these findings when they are supported by substantial evidence. *See Padilla, supra.* That the opinions of Claimant's medical experts are not supported by objective evidence is not determinative. *See Pomeroy's Inc. v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 270, 325 A.2d 349 (1974).

Finally, Appellants argue that the referee capriciously disregarded evidence by making his decision before he received a copy of the transcribed testimony of Appellants' lay witnesses. The record shows that during a twelve-month period, the referee presided over several depositions and hearings on Appellants' petition. The last hearing was held on January 5, 1976, when Claimant and Appellants' lay witnesses testified. The ten-page transcript of that hearing was not received until approximately five weeks after the referee rendered his decision, and Appellants would have us infer that the referee capriciously disregarded relevant testimony and that his decision, therefore, was not supported by substantial evidence. We reject

this contention. When he made his decision, the referee had heard Claimant's testimony and the medical testimony of each party's physician, and had in his possession a complete transcript of the hearings and depositions which preceded the January 5, 1976 hearing. This dilutes the value of the final transcript.

Accordingly, we

ORDER

AND Now, this 8th day of February, 1978, the decision of the Workmen's Compensation Appeal Board affirming a decision of the referee denying Appellants' petition for termination is affirmed.