Sherman Underwear, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Ellen Vogel, Respondents.

Argued February 5, 1979, before Judges ROGERS, DiSALLE and MACPHAIL, sitting as a panel of three.

*John R. Lenahan, Jr.,* with him *Lenahan, Dempsey, Murphy & Piazza,* for petitioner.

*George W. Teets,* with him *Stephen Jennings,* for appellee.

OPINION BY JUDGE MACPHAIL, April 18, 1979:

Sherman Underwear (Employer) brings this appeal from a decision of the Workmen's Compensation Appeal Board (Board) affirming a referee's dismissal of a petition filed by Employer to terminate workmen's compensation benefits to Ellen Vogel (Employee). We affirm the Board.

The evidence here showed that Employee is a 69 year old woman who had worked as a seamstress for Employer for 20 years. On April 4, 1974, she suffered a work-related injury to her left ankle. She received compensation benefits until April 16, 1976, when Employer's physician certified that she had recovered from her injury and could return to work as a seamstress. On April 30, 1976, Employer filed a petition to terminate benefits.

The testimony concerning Employee's recovery is equivocal, at best. Employer's physician, Dr. Sgarlat, certified that Employee had "fully recovered from injury." In his testimony, given by way of deposition, he stated that Employee could do a sedentary type of job and that she could work as a sewing machine operator. He also testified, however, that she would only be capable of doing a job which would not be "very demanding."

Dr. Propst, Employee's physician, also testified as to Employee's recovery. While Dr. Propst testified that he thought Employee should try to go back to work and that she could probably operate a sewing machine with her right foot, he did not testify that her disability had been terminated. Specifically, Dr. Propst testified, "Whether she would be able to work or not, I don't know. I think from following her subjectively and the swelling, I would say she would not be able to work adequately."

Finally, Employee testified on her own behalf. She said that she was able to perform work, but that her ankle pained her and that she could not bend it. The referee personally observed the Employee's ankle. Employee testified further that if she were to return to work as a seamstress, the heat from the sewing machine motor would bother her ankle and that she would be unable to make her piece rate. She testified that she called the Employer about returning

to work when her physician told her to do so but was told by the Employer that there was no work. She said if there had been work, she would have tried to perform it.

The referee made the following critical findings:

10. We find as a fact that the claimant cannot perform her regular job, but can only perform a sedentary job, as a result of her injury and multiple unrelated complaints and conditions.

We also find as a fact that prior to the injury in this case, the claimant had worked as a sewing machine operator or seamstress from August 1955 up to April 4, 1974, the date of her injury.

11. We find as a fact that this 68-year-old claimant of limited work background, with multiple unrelated complaints and conditions, injuries and physical problems, has not been able to work since April 4, 1974, *as a result of the work-related injury suffered on said date.*

We also find as a fact that the claimant cannot perform the full-time work she did at the time of her injury and can only perform a sedentary type job, which is not available to her within her limitations that she could possibly perform. The claimant is, therefore, for all practical intents and purposes, totally disabled and that said total disability continued from April 25, 1976 to March 11, 1977, the date the case was closed and indefinitely thereafter. (Emphasis added.)

Viewing the evidence in a light most favorable to Employee, who prevailed below, *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 532, 382 A.2d 484, 486 (1978), and accepting the referee's determination of

credibility of the witnesses and weight of the evidence, we do not find, as Employer argued, that the referee capriciously disregarded the evidence in making his decision. As the Board stated in the concluding paragraph of its opinion, the case is a close one but a reading of the record as a whole supports the determination of the referee and indicates that even though a different referee may have reached a different result, the referee in this case did not commit error.

Employer argues that Employee's present disability is due chiefly to nonwork-related conditions rather than to the work-related ankle injury and contends that referee's finding of fact number 10 is inconsistent with finding of fact number 11. We disagree. It is not disputed that Employee suffered from hypertension, osteoarthritis of the back, drug and alcohol overuse, and diverticulosis. However, when Dr. Propst testified concerning these problems, he said "with a reasonable degree of medical certainty" that the fracture of the left ankle was the major disabling factor preventing the Employee from returning to work. We read the referee's finding of fact number 10 to mean that Employee's other medical problems may very well have contributed to her disability but finding number 11 makes it perfectly clear that the Employee was disabled and unable to perform her former job not because of unrelated conditions or because of a combination of work-related and nonwork-related health problems, but primarily because of her work-related ankle injury.

Employer also argues that the referee failed to make specific findings of fact to support his conclusions of law. The referee concluded that Employee could perform a sedentary job yet could not perform her regular job as a seamstress. Employer argues that operating a sewing machine is the type of sed-

entary job Employee could perform and that without specific findings of fact to show why Employee could not perform such a job the conclusion was unsupported by the findings. Again we disagree. The referee found as a fact that Employee "cannot perform the full-time work she did at the time of her injury. . . ." Based upon this finding, he concluded that she was "not able to perform her regular work. . . ." The referee *also* found that Employee could perform only sedentary work, but that there was none available which she could perform within her limitations. The referee reached his conclusion of law based upon these findings. Nowhere does the referee say that Employee can do only sedentary work and that operating a sewing machine is not such work. Rather, the decision says that Employee is unable to operate a sewing machine *whether or not it is sedentary work,* and that there is no other sedentary work available to her. The referee is not required to detail all of his thought processes so long as there is substantial evidence to support the decision. *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. at 532-33, 382 A.2d at 486. There is such substantial evidence here and the referee's findings of fact amply support his conclusions of law. *See Workmen's Compensation Appeal Board v. Commonwealth,* 19 Pa. Commonwealth Ct. 499, 338 A.2d 758 (1975).

Finally, Employer argues that it was unfair to place upon it the burden of proving that suitable work did exist for Employee. Employer is in error. Once there was a showing that Employee was unable to do the type of work she performed at the time of her injury, but possibly was able to perform some other type of work, Employer then had the burden of proving that other work was available to her. *See Workmen's Compensation Appeal Board v. Kelly*

*Steel Erectors, Inc.,* 25 Pa. Commonwealth Ct. 329, 361 A.2d 478 (1976) and cases cited therein.

Order affirmed.

ORDER

AND Now, this 18th day of April, 1979, the order of the Workmen's Compensation Appeal Board, dated November 17, 1977, affirming the referee's denial of the Employer's petition to terminate is affirmed.