Harold C. Marcks, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and City of Allentown, Department of Public Safety, Bureau of Fire, Respondents.

Argued December 18, 1981, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*John P. Thomas*, with him *Charles W. Elliott, Thomas & Hair*, for petitioner.

*Howard M. Ellner*, for respondents.

OPINION BY JUDGE MACPHAIL, March 2, 1982:

Harold Marcks (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board)

which affirmed a referee's dismissal of his claim petition under the occupational disease provisions of the Pennsylvania Workmen's Compensation Act (Act).[1]

Claimant was employed as a firefighter for the City of Allentown (Employer) for thirty-three years. He retired on March 8, 1975. In January, 1978, Claimant filed a claim petition alleging disability from emphysema caused by his firefighting. After a series of hearings, the referee dismissed the claim petition, concluding that (1) Claimant failed to prove by sufficient competent evidence that his lung disease or diseases were caused by extreme over exertion in times of stress or danger or by exposure to heat, smoke, fumes, or gases, arising directly out of his employment for Employer as a fireman, within the meaning of Section 108(o) of the Act, 77 P.S. §27.1(o), and that (2) Claimant failed to prove by sufficient competent evidence that he is totally or partially disabled due to exposure to the hazard of occupational disease in his employment for Employer, within the meaning of the Act. The Board, after reviewing the referee's findings and conclusions, affirmed his determination that Claimant was not totally or partially disabled within the meaning of the Act.

That the Board had some difficulty with the referee's findings of fact is evidenced by the comments in the Board's opinion. It was there noted that while the referee found that the Claimant's testimony was confusing and contradictory, he (the referee) "did not expressly find what the Claimant did do and what he didn't do." The Board observed that while the referee went into considerable detail to summarize the medical testimony which the Board characterized as "crucial," he (the referee) did not expressly accept or reject any of that testimony. Nevertheless, the Board

---

[1] Act of June 2, 1915, P.L. 736 *as amended*, 77 P.S. §§1-1066.

opined that the *reference* by the referee to the fact that Claimant could have worked four or five years beyond his actual retirement date *implies* that the referee accepted testimony to that fact by Claimant's physician. The Board's opinion also states that the referee *apparently* relied on the testimony of the Employer's medical witness and on a portion of the testimony of the Claimant's medical witness concerning the Claimant's capability to work as a firefighter beyond his retirement date.

While it is beyond dispute that the referee is the fact-finder in workmen's compensation cases and that he is free to accept or reject the testimony of any witness including medical witnesses, *Snyder v. Workmen's Compensation Appeal Board*, 50 Pa. Commonwealth Ct. 227, 412 A.2d 694 (1980), the referee is required to find the critical facts in the case upon which he bases his conclusions. This is necessary in order to provide the Board and this Court with the opportunity to exercise meaningful review. A synopsis or summarization of evidence is not fact-finding.

In the instant case, of the referee's nine "findings of fact," five, at most, represent true findings of fact. All of the rest are mere statements of what certain witnesses said in their testimony. Neither the Board nor this Court has authority to imply or infer that the referee "apparently" made certain findings of fact when the referee's own findings simply do not indicate that that is true.

We agree with the Board that the medical evidence in this case is crucial. A review of that evidence reveals, however, that the Claimant's physician testified that the Claimant was disabled by obstructive lung disease, chronic bronchitis and probably emphysema and that the Claimant's exposure to smoke during his employment was "what caused the real problem." On the other hand, the Employer's physi-

cian testified that Claimant could no longer work as a firefighter but that the cause of his lung problems was his smoking for forty years. Neither the Board nor this Court can reason back from the referee's conclusions to determine which medical testimony was accepted and which was rejected by the referee in reaching his conclusions. While the referee's findings of fact need not be so specific as to provide a thorough explanation of his thought processes they must be sufficient to demonstrate that the fact-finding function was performed and to permit the reviewing court to determine whether substantial evidence supports the conclusions reached. *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978). When the fact-finder fails to make findings on crucial issues, the reviewing court must remand the case so that the error can be cured. *Scranton Garment Co. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 190, 381 A.2d 210 (1977). *J. Horne Co. v. Workmen's Compensation Appeal Board*, 15 Pa. Commonwealth Ct. 419, 327 A.2d 395 (1974). The posture of this case is such that a remand is mandated by our prevailing case law.

Claimant also contends that the referee's conclusions are ambiguous. The referee's third conclusion reads as follows:

3. Claimant failed to prove by sufficient competent evidence that he is totally or partially disabled due to exposure to the hazard of occupational disease in his employment for Defendant, within the meaning of Sections 108 (o), 301(c)(2), 306(a) and 306(b) of the Act.

Claimant argues that it is impossible to determine from that language whether the referee has concluded that the Claimant 1) is not partially or totally disabled or 2) that he is disabled but that his disability was not caused by the hazards of his employment. In the

absence of a clear statement as to exactly which of these conclusions the referee reached, the Claimant contends that neither the Board nor this Court can perform their proper review function to determine whether the conclusion is warranted under the facts found by the referee. We agree. Our remand order will provide the referee with an opportunity to refine his conclusions as well.

Finally, the Claimant contends that the Board used a "substantial evidence" scope of review rather than the "capricious disregard" standard we have enunciated for use in cases where the party with the burden of proof below has not prevailed. Again we agree with the Claimant and again our remand order will provide the Board with the opportunity to use the proper scope of review considering the referee's findings and conclusions.

For the reasons set forth above, we will remand this case to the Board for further proceedings.

### Order

And Now, this 2nd day of March, 1982, the decision of the Workmen's Compensation Appeal Board dated May 29, 1980 and filed to Docket No. A-77591 is vacated and the case is remanded to the Workmen's Compensation Appeal Board for further proceedings consistent with this opinion.

Judge Palladino did not participate in the decision in this case.