Joseph Leskin, Petitioner *v.* Workmen's Compensation Appeal Board (Coca-Cola Bottling Company of New York), Respondents.

Submitted on briefs September 13, 1982, to President Judge CRUMLISH, JR. and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Lester Krasno,* for petitioner.

*Robert H. Holland,* with him, *Barbara L. Hollenbach, Holland, Taylor* and *Sorrentino,* for respondent, Coca-Cola Bottling Company of New York.

OPINION BY JUDGE BLATT, November 5, 1982:

Joseph Leskin (claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's determination that he was no longer eligible for compensation because his disability had ceased.

On December 5, 1977, the claimant sustained a compensable back injury while in the course of his employment with the Coca-Cola Bottling Company of New York (employer). On June 16, 1980, a petition to terminate was filed by his employer stating that the claimant was fully recovered and was able to return to his prior occupation as a deliveryman. Both sides presented expert medical testimony before the referee by way of deposition and, relying on the employer's expert, the referee held that: the claimant's shoulders and hips were level thereby indicating a normal spinal curve; there was no localized area of tenderness; he had a normal range of motion of the hips, knees and ankles; there was no impingement of his sciatic nerve; and, there were no objective findings to support a diagnosis of a herniated disc. Accordingly, the referee found that the employer had met its burden[1] of proving that the claimant's benefits should be terminated. The Board affirmed and the instant appeal followed.

---

[1] *Bailey v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 338, 431 A.2d 1114 (1981) (burden on employer). Where, as here, the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether or not an error of law was committed or necessary factual findings are unsupported by substantial evidence. *Id.*

The claimant argues that the referee's findings are unsupported by substantial evidence in the record. Our review of the record indicates, however, testimony by the employer's medical expert that his examination of the claimant disclosed an absence of objective symptoms and that it was consequently his opinion that the claimant had sprained his back, had recovered fully, and would be able to resume his former duties as a deliveryman without limitation. This testimony constituted substantial evidence and the fact that conflicting testimony was elicited will not render the employer's expert's testimony insubstantial. It is well-settled that it is for the factfinder, not for the reviewing court, to judge the credibility of witnesses and to resolve[2] inconsistencies and conflicts in the evidence presented. *Sears, Roebuck & Co. v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 161, 409 A.2d 486 (1979).

The claimant next argues that the referee's findings would not warrant a conclusion that disability has ended and he also contends that the employer failed to show that there is work available which he would be capable of doing. We believe, however, as did the Board, that the claimant's disability was shown to have ended and that the employer's petition to terminate was properly granted. And, as to the employer's alleged failure to show that there was work available which the claimant could do, we have recognized that such a showing is necessary only where there is a finding that the claimant's disability is *reduced. Sherman Underwear v. Workmen's Compensation Appeal Board,* 42 Pa. Commonwealth Ct. 75,

---

[2] Additionally, we have recognized that the factfinder may accept some testimony and reject other testimony even when such conflicting testimony is given by the same witness. *K-Mart Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 52, 424 A.2d 956 (1981).

399 A.2d 1207 (1979). Here, the findings indicate that the claimant's disability has totally *ceased,* not merely been reduced.

The claimant argues finally that the Board erred in failing to grant his petition for a rehearing, which was based upon the alleged discovery of new noncumulative evidence. His brief admits, however, that the Board has not yet entered an order either granting or denying his petition. At this point, therefore, there is nothing for this Court to review regarding his petition for a rehearing.

For the foregoing reasons, therefore, we will affirm the order of the Board.

ORDER

AND Now, this 5th day of November, 1982, the order of the Pennsylvania Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.