North East Express, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Joseph Woytas), Respondents.

Submitted on briefs February 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Jerome L. Cohen,* for petitioner.

*Cal A. Leventhal,* for respondent.

OPINION BY JUDGE DOYLE, September 21, 1983:

This is an appeal by North East Express, Inc. (North East) of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a ref-

eree's award of benefits to Joseph Woytas. We affirm.

Woytas was the owner of a truck tractor which he operated as a driver-owner under a lease agreement with North East. He sustained injury on June 21, 1978 while operating the tractor hauling a North East trailer. The single issue for our disposition is whether, as a matter of law,[1] Woytas was an employee of North East or an independent contractor.

Our resolution of this issue is controlled by *J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 277 A. 2d 867 (1971) and the cases which follow it. In *Miller* we stated the relevant criteria for distinguishing between an employee and an independent contractor thus:

> The courts have not formulated a hard and fast definition for the determination of whether any given relationship is one of independent contractor or that of employer-employee. They have, however, set forth indicia of such relationship to be used as guides in making such a determination, some of which are: Control of manner work is to be done; responsibility for result only; terms of agreement between the parties; the nature of the work or occupation; skill required for performance; whether one employed is engaged in a distinct occupation or business; which party supplies the tools; whether payment is by the time or by the job; wheth-

---

[1] Our scope of review, where the party with the burden of proof has prevailed before the referee and the Board, is limited to a determination of whether constitutional rights were violated, an error of law was committed or necessary findings of fact are unsupported by substantial evidence. *Workmen's Compenstion Appeal Board v. Navajo Freight Lines, Inc.*, 19 Pa. Commonwealth Ct. 25, 338 A.2d 766 (1975).

er work is a part of regular business of the employer, and also the right of employer to terminate the employment at any time. . . . These indicia are not to be considered as circumstantial in nature and whether some or all of them exist in any given situation is not absolutely controlling as to the outcome; each case must be determined on its own facts. (Citations omitted.)

*Id.* at 232, 277 A.2d at 869.

The record in the case at bar shows that, under the terms of the lease agreement, North East had exclusive possession, control and use of the tractor and assumed full responsibility over its operation with respect to the public, shippers and the Interstate Commerce Commission. North East inspected the vehicle for safety, required a written test before Woytas was certified as driver and had the right to approve or reject any substitute driver Woytas proposed. North East also had authority to transfer shipments from Woytas' vehicle if it was found to be in improper condition and had the right to cancel the lease if Woytas did not keep the tractor in satisfactory condition or failed to operate it to North East's satisfaction.

The record also shows that, while North East did not specify the route to be taken in hauling loads for the company, Woytas was told the destination for each load and the time in which he had to reach it. Loads for North East were hauled in trailers emblazoned with North East's name. In addition, because the trailers belonged to North East, Woytas was not free to haul a load on his return trip unless instructed to do so by North East or unless North East shared in the amount received for the trip. When hauling a load for North East, Woytas' vehicle was covered by North East's insurance.

The record also shows that Woytas received a Christmas bonus from North East and participated in a group medical insurance plan sponsored by the company.

In *Workmen's Compensation Appeal Board v. Navajo Freight Lines, Inc.*, 19 Pa. Commonwealth Ct. 25, 338 A.2d 766 (1975) this Court was faced with a case similar to the one now before us. In that case a tractor owner-driver who hauled loads for Navajo Freight Lines, Inc. under a lease agreement was killed while hauling heavy machinery for the company. The referee and the Board had determined that the deceased had been an employee at the time of his death. We noted our limited scope of review and emphasized:

> In addition to being mindful of our limited review role, we approach this appeal conscious of two other general legal concepts that have relevance here. It is well-settled that the presence of a party's name . . . on a commrcial [sic] vehicle raises a rebuttable presumption that the vehicle is owned by that party and that the driver of the vehicle is an employe of that party acting within the scope of his employment. . . . Also, neither the compensation authorities nor the courts should be solicitous to find contractorship rather than employment, and inferences favoring the claim need make only slightly stronger appeal to reason than those opposed. (Citation omitted.)

*Id.* at 31, 338 A.2d at 769.

In the case at bar we are persuaded by the provisions of the lease which gave North East exclusive possession, control and use of the vehicle, and by its policy of inspecting the vehicle and testing all drivers including Woytas. Also persuasive are the facts that

Woytas received a Christmas bonus and participated in the company's group medical insurance plan and that the trailers hauled for North East were owned by the company, carried its name, and thereby restricted Woytas' ability to contract with other shippers on return trips. Considering the presence of all these indicia, we find no error in the Board's determination that at the time of the injury, Woytas was an employee of North East Express, Inc.

### ORDER

Now, September 21, 1983, the order of the Workmen's Compensation Appeal Board in the above referenced matter, No. A-79924, dated December 10, 1981, is hereby affirmed.