Consolidation Coal Company, Petitioner *v.* Workmen's Compensation Appeal Board (Cushey), Respondents.

Submitted on briefs November 13, 1984 to Judges ROGERS, CRAIG and PALLADINO, sitting as a panel of three.

*Stephen I. Richman,* with him, *William F. Henkel, Stephen I. Richman & Partners,* for petitioner.

*Lawrence R. Chaban, Yablonski, King, Costello & Leckie,* for respondent, Thomas A. Cushey.

OPINION BY JUDGE ROGERS, December 27, 1984:

Consolidation Coal Company (petitioner) has appealed from an order of the Workmen's Compensation Appeal Board affirming a referee's award of benefits to Thomas A. Cushey (respondent), a claimant whom the referee found to be totally disabled due to coal worker's pneumoconiosis.

The respondent worked in the coal mining industry for twenty-five years. During the last ten years of his employment, he worked underground as a roofbolter. He retired in 1980, when the mine shut down. In 1982, the respondent filed a claim alleging pneumoconiosis due to exposure to dust and glue fumes. At the referee's hearing, the respondent offered the deposition and medical reports of a Dr. Jerry Silverman, who reported that the respondent's symptoms of shortness of breath and chest pain, his employment history of

exposure to coal dust and glue fumes in the mines, and his x-ray reading of 1/0[1] were indicia of pulmonary disease. Dr. Silverman testified that although a series of tests conducted on the respondent showed normal readings and no evidence of pulmonary distress, the respondent had a total, disabling respiratory condition which was the result of his work in the mines.

The petitioner introduced eleven reports of physicians and clinics, indicating that the respondent had a normal reading on a battery of pulmonary tests. The petitioner also introduced the deposition of a Dr. C. L. Anderson, to the effect that the respondent's breathing problems and chest pains were attributable to coronary artery disease, and not to a pulmonary condition. The referee found Dr. Silverman's testimony to be credible and awarded the respondent benefits for total disability.

The Workmen's Compensation Appeal Board affirmed, holding that Dr. Silverman's testimony provided substantial evidence for the referee's findings. The board quite unsuitably volunteered that it considered Dr. Silverman's testimony to be "incredulous."

The petitioner argues that the Administrative Agency Law, enacted and codified in 1978 at 2 Pa.C. S. §101-754, has somehow enlarged the scope of judicial review of adjudications of the Workmen's Compensation Appeal Board. If we understand the employer's thesis, it is that although there may be substantial evidence supporting the findings favoring the respondent in this case, we must nevertheless reverse the board's order if we determine upon a consideration of the

---

[1] Another chest x-ray conducted by the Department of Labor was read as 0/1, usually construed to mean there is no pneumoconiosis; however, in this case the Department of Labor interpreter considered that the respondent did have pneumoconiosis.

whole record that its, the petitioner's, evidence was stronger. This proposal for a substantial evidence rule is unacceptable on several accounts. First, it requires us to weigh the evidence, a function by settled law committed exclusively to the workmen's compensation referees and forbidden to us. Second, the proposed rule would be impossible to apply in the appeal of the party who, having had the burden of persuasion before the agency, was found not to have carried his burden and whose adversary, believing that the appellant had not carried his burden, had declined to produce any evidence. In the case just put, there would be no evidence, much less no substantial evidence, supporting findings in favor of the unburdened winner. In such cases we invoke the corollary to the substantial evidence rule to the effect that where the findings and decision are against the burdened appellee, we review the record not to determine whether there is substantial evidence supporting the findings and decision in favor of the unburdened party but to determine whether any evidence favorable to the burdened appellant had been capriciously or arbitrarily disregarded. This is because we would search in vain for substantial evidence favoring the findings and decision for the unburdened appellee. In this case, the petitioner was the unburdened employer and the findings and decision were favorable to the respondent, a claimant bearing the burden of persuading the referee that he had a pulmonary disease as the result of his work in the mines. We review this record to determine whether there is substantial evidence supporting the findings in favor of the claimant respondent and we find such in Dr. Silverman's testimony, which the referee accepted. If the referee had rejected Dr. Silverman's testimony and made the findings suggested to be made by the petitioner's medical evidence,

we would have been required to determine whether the referee had capriciously and arbitrarily rejected Dr. Silverman's testimony. To repeat, the substantial evidence rule, not its corollary applied here and the rule required us to review the evidence and to determine whether there was substantial evidence supporting the referee's findings and decision favorable to the claimant. We agree with the board that Dr. Silverman's testimony was such substantial evidence.

The petitioner also contends that Dr. Silverman's opinion concerning the respondent's pulmonary disease is not substantial evidence to uphold the referee's findings. Rather, the petitioner argues it is a medical opinion not based on verifiable scientific fact. Dr. Silverman found total pulmonary disease on the basis of a chest x-ray reading which other medical opinion controverted and on the basis of the respondent's shortness of breath and chest pains. This was sufficient basis for an opinion. The petitioner also argues that the referee should have accepted the testimony of its expert, Dr. C. L. Anderson, and not the testimony of Dr. Silverman. In *Crucible Steel Corp. v. Workmen's Compensation Appeal Board,* 59 Pa. Commonwealth Ct. 184, 190, 429 A.2d 123, 125 (1981), a case virtually identical to the present case, we reiterated, not for the first time, that "it is the function of the referee as factfinder to choose between the conflicting evidence." *See, e.g. Crucible Steel, Inc. v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 415, 418-19, 442 A.2d 1199, 1201 (1982).

Lastly, the petitioner contends that the referee's findings of fact and conclusions of law were deficient in detail; that the referee should have discussed the conflicting testimony and explained why he chose one rather than another witness's evidence. We disagree.

In *Peoples Gas Heating Company v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 530, 382 A.2d 484 (1978), we rejected an argument that a referee should "make findings of fact that are comprehensive and explicit so as to disclose the complete posture of the case." *Id.* at 532, 382 A.2d at 486. In *Marcks v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 107, 111, 442 A.2d 9, 11 (1982), we explained that "[w]hile the referee's findings of fact need not be so specific as to provide a thorough explanation of his thought processes they must be sufficient to demonstrate that the fact-finding function was performed and to permit the reviewing court to determine whether substantial evidence supports the conclusions reached." The referee in this case sufficiently demonstrated that he performed his duty as a fact finder. He made thirteen quite detailed findings among which were:

4. The claimant was employed in the coal industry in Pennsylvania from 1931 through September 4, 1980. During 1967 through Setpember [sic] 4, 1980, the claimant was employed by the defendant in the occupation of roofbolter at an average weekly wage of $404.73.

5. Based upon credible, competent and sufficient evidence of record in this case from Dr. J. D. Silverman, your Referee finds as a fact that on March 11, 1982, the claimant became totally and permanently disabled as a result of anthracosilicosis and/or coal worker's pneumoconiosis and the record is devoid of any evidence that there is work available to the claimant which he can perform despite his occupational lung disease. Your Referee thus concludes that the claimant is totally disabled.

. . . .

7. The claimant had an aggregate employment of at least two years in the Commonwealth of Pennsylvania during a period of ten years next preceding the date of disability in an occupation having a silica or coal hazard. Claimant's said disability resulted in whole or in part from his exposure to the hazards of an occupational disease after June 30, 1973, in employment covered by the Pennsylvania Workmen's Compensation Act, as amended.

The medical evidence was sharply conflicting; the plain implication of the findings is that the referee rejected the opinion of the petitioner's expert as not as close to the truth as that of Dr. Silverman.

Order affirmed.

ORDER

AND Now, this 27th day of December, 1984, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.