510 A.2d 916

Bethlehem Mines Corporation, Petitioner *v.* Workmen's Compensation Appeal Board (Forte), Respondents.

Argued March 10, 1986, before President Judge CRUMLISH, JR., and Judges ROGERS and BARRY, sitting as a panel of three.

*Stephen I. Richman,* with him, *William F. Henkel, Stephen I. Richman & Partners,* for petitioner.

*C. Jerome Moschetta,* for respondent, Josephine Forte.

OPINION BY JUDGE BARRY, June 11, 1986:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a referee awarding benefits on a fatal claim petition filed by the claimant, Josephine Forte, widow of the deceased, Nicholas Forte.

The deceased was employed by Bethlehem Mines Corporation (employer) and its predecessors from 1936 until March 28, 1978. For the last twenty-eight years, the deceased had worked as a mine electrician. His primary responsibility was to repair and maintain various electric motors used by the employer. The motors for which the deceased was responsible contained asbestos for insulation purposes.

In March of 1978, the deceased was diagnosed as having carcinoma of the colon. Despite various treatments, he died on December 15, 1978, the carcinoma being the cause of death. On November 24, 1981, the claimant filed a fatal claim petition, alleging that the carcinoma had been caused by the deceased's exposure to asbestos in the workplace. Numerous hearings were held, including the taking of depositions from a number of doctors. On December 24, 1983, the referee awarded benefits, finding as a fact that the deceased had been exposed to significant levels of asbestos in the workplace and that this exposure was the cause of his carcinoma. The Board affirmed and this appeal followed.

When a claim petition is filed, the claimant bears the burden of proving that he or she is entitled to compensation. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409

A.2d 367 (1979). Where the party with the burden of proof prevails before the fact-finder and the Board has taken no additional evidence, our review is limited to determining whether necessary factual findings are supported by substantial evidence, an error of law was committed or constitutional rights were violated. *McCrory Stores v. Workmen's Compensation Appeal Board*, 80 Pa. Commonwealth Ct. 76, 470 A.2d 1124 (1984).

The employer raises a number of allegations of error. It first argues that the referee's factual findings described above are not supported by substantial evidence because (a) the evidence presented showed that the levels of asbestos present in the workplace were insignificant, (b) the evidence concerning post mortem examinations of the deceased's internal organs showed that no asbestos stigmata were present and (c) the "consensus" of medical experts was that the causal connection between asbestos and carcinoma of the colon was not established. We will deal with these questions *seriatim*.

At the hearings before the referee, two of the deceased's co-workers testified. Each described the deceased's job which included the dismantling of electric motors so that repairs could be made. An essential part of the dismantling was the thorough cleaning of the internal parts of the motor. Because asbestos was used as an insulating agent in these motors, the deceased was required first to scrape out the asbestos. Once the scraping was finished, a compressed air hose was used to blow out any particulates, including those made of asbestos. Both witnesses testified that the workplace was not ventilated and was very dusty. Furthermore, the deceased had never been provided with a respirator while he performed these functions.

The employer presented testimony of various industrial hygenists who simulated the deceased's work

methods and then measured the level of asbestos in the air. Based on these simulated tests, the employer's witnesses testified that the asbestos level was less than the amount recognized as safe under federal law. Following the introduction of this evidence, the claimant presented testimony of witnesses who questioned the validity of the procedures used to simulate the deceased's work environment.

Faced with this contradictory evidence, the referee, as sole arbiter of credibility, chose to believe the claimant's witnesses. We believe the testimony of those witnesses constitutes substantial evidence to support the factual finding that the deceased was exposed to the hazard of asbestos. Since this finding was solely a matter of credibility between conflicting witnesses, our limited scope of review prohibits us from examining the judgment of the referee. *Blair v. Workmen's Compensation Appeal Board,* 80 Pa. Commonwealth Ct. 459, 471 A.2d 1289 (1984).

In an attempt to convince the fact-finder that the deceased's alleged exposure to asbestos could not have caused his carcinoma, the employer introduced testimony of various pathologists who stated that they found no evidence of asbestos in either the deceased's lung or colon. The claimant's expert, Dr. Kenneth Parkinson, however, testified that many individuals exposed to hazardous level of asbestos do not exhibit any clinical evidence of asbestos. Dr. Parkinson testified that while positive clinical tests do establish asbestos exposure, the converse, *i.e.,* that the absence of asbestos in clinical studies proves no asbestos exposure, simply is not true. Again, we are faced with conflicting evidence and the referee chose to resolve this conflict in favor of the claimant. This resolution is beyond our review. *Blair.*

The employer next argues that the opinion of Dr. Parkinson that the asbestos exposure caused the

deceased's carcinoma is not substantial evidence for the referee's factual finding that such causation existed. The employer presented the testimony of a number of physicians who opined that the causal connection between asbestos exposure and carcinoma of the colon has never been established. Dr. Parkinson, however, referred to studies which showed an increase in carcinoma of the colon where exposure to asbestos was present.

The employer cites *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board,* 40 Pa. Commonwealth Ct. 611, 616, 398 A.2d 725, 728 (1979), where we stated, "Courts may properly refuse to admit evidence which is contrary to scientific principles or in conflict with natural laws . . . . [C]ourts are not required to believe that which is contrary to human experience and the laws of nature or flies in the face of infallible physical fact." (Citation omitted.) Dr. Parkinson's testimony, when buttressed by the studies to which he referred, shows, in our view, a disagreement between the experts in this field, and renders the aforementioned principle inapposite. While it is true the majority of the medical experts testifying in this case contradicted the testimony of Dr. Parkinson, the referee as judge of credibility was free to believe the latter's testimony. *Workmen's Compensation Board v. A.R. Bar, Inc.,* 22 Pa. Commonwealth Ct. 609, 349 A.2d 805 (1976). Were the rule otherwise, these cases would have to be decided by the medical experts, and not the judiciary.

The employer makes three additional allegations of error. It first argues that the Administrative Agency Law, 2 Pa. C. S. §704 requires this Court, in effect, to exercise *de novo* review in cases where conflicting evidence exists. This argument has been made in the past and rejected by this Court. *Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 86 Pa. Commonwealth Ct. 518, 485 A.2d 538 (1984).

The employer next argues that the referee failed to sufficiently explain his reasons for deciding that the deceased's carcinoma was caused by exposure to asbestos. In *Marcks v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 107, 111, 442 A.2d 9, 11 (1982), we stated, "While the referee's findings of fact need not be so specific as to provide a thorough explanation of his thought processes, they must be sufficient to demonstrate that the fact-finding function was performed and to permit the reviewing court to determine whether substantial evidence supports the conclusions reached." Here, the referee simply stated that he found the claimant's expert more credible, clearly an exercise of the fact-finding function. This argument is therefore without merit.

Finally, the employer argues that the referee committed reversible error when he corrected his decision without the written agreement of the interested parties, in violation of 34 Pa. Code §131.67. The referee made two changes. In his original opinion, the referee held, in conclusion of law # 2 that the deceased's death was due to asbestosis. He changed this to asbestos dust exposure. In *Kentucky Fried Chicken v. Unemployment Compensation Appeal Board*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), we held that an administrative agency may correct typographical, clerical and mechanical errors. This correction obviously fit into that category, for all the factual findings relate to asbestos dust exposure. Furthermore, asbestosis was never an issue in this case. We find no violation of 34 Pa. Code §131.67 in the referee's correction of this obvious typographical, clerical or mechanical error.

The referee included the following sentence in factual finding # 7 of his original opinion. "It must be judicially recognized that in working in and around a coal mine, the decedent was also exposed to the coal dust

hazard if only to a slightly significant degree which would logically contribute to the asbestos exposure problem." (December 13, 1983 opinion of the referee.) Even if this correction was error, it was harmless at best. As we have already explained, the record contains substantial evidence to support the crucial factual findings of the referee as to causation without even considering the offending sentence.

## ORDER

NOW, June 11, 1986, the August 23, 1984 order of the Workmen's Compensation Appeal Board at No. A-87512 is affirmed.