535 A.2d 722

Universal Trucking, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Hassell, Deceased, Hassell-Cathcart, Widow), Respondents.

Submitted on briefs October 9, 1987, to Judges BAR-RY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Michael D. Sherman, Fried, Kane, Walters & Zu-schlag,* for petitioner.

*Irving M. Portnoy, Evans, Posen, Portnoy, Quinn & Donohue,* for respondent, Hassell-Cathcart.

OPINION BY JUDGE PALLADINO, January 11, 1988:

Universal Trucking, Inc. (Petitioner) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of benefits to Kathleen Hassell Cathcart (Claimant) on behalf of Kenneth E. Hassell (Decedent). We vacate and remand.

Decedent was fatally injured in a tractor trailer accident on May 5, 1981 while delivering a load of materials for Petitioner. At the time of his death, Decedent owned the tractor. He had leased it to Petitioner pursuant to a permanent lease agreement of February 7, 1981.[1] Decedent had been dispatched from Petitioner's terminal in New Castle, Pennsylvania to pick up the load in Youngstown, Ohio and deliver it to Waterbury, Connecticut.

Claimant filed a fatal claim petition on September 27, 1983. Petitioner contested the claim and asserted that Decedent was not its employee but an independent contractor excluded from the coverage of The Pennsylvania Workmen's Compensation Act (Act).[2] After reviewing the depositions of Claimant, Richard W. Yarian (a co-worker of Decedent), and James M. Ray (president of Petitioner), the referee determined that

---

[1] The lease agreement specified that Decedent would be an independent contractor.

[2] Section 22 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §22.

Decedent was an employee of Petitioner at the time of his death and awarded benefits. The Board, after reviewing the referee's findings and conclusions, affirmed the decision.

Petitioner contends on appeal that the referee failed to make necessary findings of fact concerning the existence of an employment relationship between Petitioner and Decedent. In addition, Petitioner argues that the referee's conclusion that Decedent was an employee of Petitioner, rather than an independent contractor, was not supported by substantial evidence.

Our scope of review where the Board takes no additional evidence is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Gabriel v. Workmen's Compensation Appeal Board (No. 1 Contracting Corporation)*, 102 Pa. Commonwealth Ct. 470, 518 A.2d 895 (1986).

This court has held that the existence of an employment relationship is demonstrated by one's right to control the work to be performed by another as well as the manner of peformance. *Lego v. Workmen's Compensation Appeal Board*, 66 Pa. Commonwealth Ct. 593, 445 A.2d 1324 (1982) citing *Mature v. Angelo*, 373 Pa. 593, Pa. 97 A.2d 59 (1953).[3] In this case, the referee stated, in his conclusions of law, that Decedent's equipment and the driver who provided that equipment were in

---

[3] Indicia of control may include: control over manner in which work is to be done, responsibility for result only, terms of agreement between parties, nature of work or occupation, skills required for performance, which party supplies the tools, whether one employed is engaged in a distinct occupation or business, whether payment is by the time or by the job, whether work is part of the regular business of the employer, and the right of employer to terminate employment at any time. *J. Miller Co. v. Mixter*, 2 Pa. Commonwealth Ct. 229, 277 A.2d 867 (1971).

the exclusive possession, control, use, and responsibility of Petitioner. The referee also specifically concluded that Petitioner was Decedent's employer.

Despite these conclusions of the referee, we are compelled to remand this matter for further findings of fact. Section 833 of the Act[4] requires a referee, to whom a petition is assigned for hearing, to make findings of fact, conclusions of law, and award or disallowance of compensation. The referee's fact-finding function has been interpreted to include a requirement that the referee make findings of fact on all essential issues so that the Board and this court have an opportunity to exercise *meaningful* review. *Marcks v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 107, 442 A.2d 9 (1982). A synopsis or summarization of evidence is not fact-finding. *Id*.

Here, where the existence of an employment relationship was in dispute, the degree and manner of control which Petitioner exercised over Decedent were essential issues to be resolved by the referee.[5] The referee, in this case, merely summarized the testimony of James M. Ray and Richard W. Yarian, in his "findings of fact".[6] However, the referee did not specify the indicia

---

[4] 77 P.S. §833.

[5] We note that, in leased truck situations, indicia of control may include: which party purchases insurance, which party selects the route to be taken, inspection requirements, method of payment, whether the lessee's name is displayed on the vehicle, the lessor's ability to contract with other shippers, and requirements that the lessor contact the lessee on a regular basis. *North East Express, Inc. v. Workmen's Compensation Appeal Board (Woytas)*, 77 Pa. Commonwealth Ct. 255, 465 A.2d 724 (1983), *Shreiner Trucking Co. v. Workmen's Compensation Appeal Board (Wagner)*, 97 Pa. Commonwealth Ct. 182, 509 A.2d 1337 (1986).

[6] The referee's findings of fact include:

5. James M. Ray, testified as follows:

(a) Defendant issued decals to its drivers, carrying the name of the Defendant company and its State and

of control upon which he based his conclusion that Decedent was an employee of Petitioner. It is well established that questions of credibility and evidentiary weight are to be resolved by the referee as fact-finder.

Federal I.D. numbers which decals were to be conspicuously displayed on the tractors driven on behalf of Defendant;

(b) Defendant provided liability insurance for decedent's tractor and trailer;

(c) Decedent was regularly dispatched from Universal's terminal in New Castle Pennsylvania [sic];

(d) Decedent was required to meet delivery schedules which were pre-arranged by the defendant;

(e) Decedent was required to telephone the terminal at New Castle, Pennsylvania, if he encountered any problems on the road which would prevent his meeting the delivery schedule;

(f) Decedent was required by Defendant to conduct himself in a safe, orderly fashion on the road;

(g) Decedent was required to call the New Castle terminal for further instructions after he had delivered each load, and was permitted to 'trip lease' for other haulers only if Universal could not provide him with a return assignment;

(h) Decedent was required to submit records and logs to the Defendant on a weekly basis;

(i) Routes taken by Defendant's drivers were selected by the drivers pursuant to a permit issued to Defendant by the Interstate Commerce Commission.

6. Richard Yarian, a co-worker of decedent, testified that:

(a) Defendant provided liability insurance for the tractors and trailers of its drivers when hauling a load for defendant, when hauling an empty trailer for Defendant, and when driving a tractor alone to pick up a load on behalf of Defendant;

(b) Failure of a driver to call the home terminal in Hammond, Indiana, after delivering a load resulted in a fine levied by the Defendant against the driver in the amount of $25.00;

*Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985). There is no indication that the referee in the instant case made any credibility determinations, aside from possible inferences from the result. We are therefore unable to determine which evidence the referee accepted and which evidence he rejected in reaching his conclusion that Decedent was an employee of Petitioner at the time of his death.

A remand is warranted where the referee has failed to make findings on a crucial issue necessary for the proper application of the law. *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Hamilton)*, 95 Pa. Commonwealth Ct. 594, 505 A.2d 1372 (1986). Because the referee in this case made no findings of fact as to the control which Petitioner exercised over Decedent, we cannot adequately review the referee's conclusion of law that Decedent was an employee of Petitioner rather than an independent contractor.[7]

Accordingly, we vacate and remand.

ORDER

AND NOW, January 11, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned case is vacated and remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

_____

(c) Defendant's drivers were required to check in with Defendant by telephone at least every forty-eight hours;

(d) Although Defendant permitted its drivers to haul for other carriers when Defendant had no loads for drivers, the failure to obtain Defendant's permission prior to undertaking a load for another carrier resulted in termination of said driver by Defendant.

[7] Because we remand this matter, we do not reach Petitioner's substantial evidence contention.