554 A.2d 190

Henry Crews, Petitioner *v.* Workmen's Compensation Appeal Board (B & W Tubular Products Group), Respondents.

Submitted on briefs September 13, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Joseph E. Fieschko, Jr.,* for petitioner.

*James R. Schmitt, Will, Keisling, Ganassi & McCloskey,* for respondent.

OPINION BY JUDGE SMITH, February 24, 1989:

Henry Crews (Claimant) appeals from a decision of the Workmen's Compensation Appeal Board (Board) affirming the referee's decision to grant the suspension

petition filed by Babcock & Wilcox Tubular Products Group (Employer). The Board is affirmed.

Claimant contends on appeal that his decision to continue with physical therapy at the YMCA as prescribed by his physician, Dr. Cozza, rather than at the PROS-Keystone Rehabilitation Program facility (Keystone) as recommended by Employer's physician, Dr. Tetalman, does not constitute a refusal of reasonable medical treatment under Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act).[1]

On July 15, 1984, Claimant sustained a work-related injury to the right lower back. A notice of compensation payable was filed on July 16, 1984 and Claimant began receiving $320.00 per week compensation. Claimant initially sought treatment from the plant physician, then visited a chiropractor and later a neurosurgeon who recommended that Claimant visit Dr. Cozza. Dr. Cozza diagnosed Claimant as suffering from piroformis of the right muscle in his lower back and prescribed an exercise plan. Pursuant to Dr. Cozza's instructions, Claimant began undergoing physical therapy at the YMCA in New Castle.

On January 27, 1986, Employer filed a petition for termination, modification or suspension of benefits alleging that Claimant had refused treatment at Keystone. On January 12, 1987, the referee entered an order granting Employer's suspension petition effective November 27, 1985, the date Claimant refused to be treated at Keystone. The Board affirmed. Claimant thereafter petitioned this Court for review.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §531(4).

[2] This Court's scope of review is limited to determining whether an error of law was committed, constitutional rights were violated, or whether substantial evidence supported the Board's findings. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

Claimant argues that his decision to continue the treatment prescribed by Dr. Cozza did not constitute a refusal of reasonable medical treatment and that the referee's finding to the contrary is not supported by substantial evidence. Section 306(f) of the Act requires that if an employee should refuse reasonable medical services offered by Employer, the employee shall forfeit all rights to compensation. In support of his position, Claimant posits that he was satisfied with the treatment that he received from Dr. Cozza and decided not to participate in the therapy program at Keystone. Claimant maintains that the referee's decision also fails to consider that Claimant would have to travel forty-six miles round-trip to Keystone.

The record discloses that Claimant was undergoing therapy on a regular basis at the YMCA in New Castle under the guidance of John Kline. Dr. Cozza testified that Claimant had experienced some improvement but on cross-examination was unable to testify as to the extent of Claimant's improvement or the qualifications of the therapy trainer, and furthermore had never personally observed Claimant participate in the program. More importantly, Dr. Cozza was unable to testify as to when Claimant would be cured of his injuries. Deposition of Dr. Cozza, pp. 10-11, 16. Dr. Tetalman testified that if Claimant were to attend the Keystone program, where he would receive personal supervision of a physical therapist and an exercise physiologist, his condition would be totally resolved within four to six weeks. Deposition of Dr. Tetalman, pp. 10-13; Findings of Fact Nos. 1, 4. Claimant's contention that requiring him to drive forty-six miles round-trip in order to attend physical therapy at Keystone would offset any of the benefits received from the therapy is without merit. Dr. Cozza's office is thirty miles from Claimant's home or sixty-miles round-trip

which Claimant has traveled for several years. Therefore, it is not unreasonable to expect Claimant to participate in therapy at Keystone. Clearly, there was sufficient evidence to support the referee's finding.

Claimant also argues that the referee erred in failing to consider the reasonableness of the therapy offered at the YMCA and that his situation is not similar to the situation in *Muse v. Workmen's Compensation Appeal Board (Western Electric Company)*, 514 Pa. 1, 522 A.2d 533 (1987), where the Pennsylvania Supreme Court held that the focus of the statute is on the reasonableness of service offered. In *Muse,* the claimant refused to undergo a second surgical procedure even though there was minimal risk involved and the procedure offered a high degree of success. Benefits were suspended for claimant's refusal to undergo the surgery. Likewise, the issue here is whether the medical services offered by Employer are reasonable. Claimant also cites *Marcks v. Workmen's Compensation Appeal Board (City of Allentown)*, 65 Pa. Commonwealth Ct. 107, 442 A.2d 9 (1982) to support his position. However, *Marcks* is inapposite from the instant case. In *Marcks,* this Court determined that the referee had failed to make necessary findings regarding medical evidence that were crucial to resolution of the case. The record here discloses that the referee made all necessary findings pertaining to the different treatments prescribed by the medical witnesses.[3] It must be noted that questions of credibility and the choice between conflicting testimony is for the referee and not this Court. *American Refrigerator Equipment Co. v. Workmen's Compensa-*

---

[3] The conclusion that the proposed treatment was reasonable and would result in recovery must be inferred from the referee's findings of fact which recite Dr. Tetalman's testimony in this regard. *See Byrd v. Workmen's Compensation Appeal Board (Temco Services Industries),* 81 Pa. Commonwealth Ct. 325, 473 A.2d 723 (1984).

*tion Appeal Board (Jakel)*, 31 Pa. Commonwealth Ct. 590, 377 A.2d 1007 (1977).

Finally, Claimant argues that the referee erred in suspending the Claimant's benefits when the Employer merely sought an order directing that Claimant undergo treatment at Keystone. The record demonstrates that Employer filed a petition to suspend benefits, and Section 306(f) of the Act specifically permits suspension of benefits if a claimant should refuse to undergo reasonable medical treatment. The referee thus did not err in suspending benefits.

Accordingly, the decision of the Board is affirmed.

ORDER

AND NOW, this 24th day of February, 1989, the decision of Workmen's Compensation Appeal Board is affirmed.

Judge MACPHAIL did not participate in the decision in this case.