557 A.2d 460

Harbison-Walker Refractories and Underwriters Adjusting Company, Petitioners *v.* Workmen's Compensation Appeal Board (Drake), Respondents.

Submitted on briefs March 3, 1989, to Judges PAL-LADINO and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Raymond F. Keisling, Will, Keisling, Ganassi & Mc-Closkey,* for petitioners.

*Marc S. Jacobs,* with him, *Wesley Johnson, Galfand, Berger, Lurie & March,* for respondents.

OPINION BY JUDGE PALLADINO, April 27, 1989:

Harbison-Walker Refractories (Petitioner) appeals from a decision of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's grant of the fatal claim petition of Mary Kathryn Drake (Claimant). We affirm.

Claimant's husband, Floyd Drake, (Decedent) died on April 30, 1982. At the time of his death, Decedent was receiving partial disability benefits from Petitioner as a result of silicosis. Decedent had worked for Petitioner for 42 years and during that time was exposed daily to silica dust and sand. Claimant filed a fatal claim petition, pursuant to section 301(c) of The Pennsylvania Workmen's Compensation Act,[1] alleging that Decedent's death was

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

the result of severe silicotic pneumoconiosis that was caused by Decedent's employment with Petitioner.

The referee determined that while the immediate cause of Decedent's death was an infarction of his small bowel, Decedent's work-related silicosis was "an equal contributory factor, along with the other disease processes in causing decedent's death." Referee's June 7, 1984 decision, findings of fact 10, 14. The referee granted Claimant's petition. The Board, on November 1, 1985, remanded the case to the referee to determine if the grant of Claimant's petition was appropriate in light of the Pennsylvania Supreme Court's decision in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984),[2] that when there are multiple causes of death and the immediate cause is not compensable, the occupational disease must be a substantial contributing factor among the secondary causes in causing death.

On remand no new medical evidence was introduced. The referee adopted the medical testimony of Claimant's expert, Dr. John H. Maylock, and found that "occupationally acquired silicotic pneumoconiosis was a major contributing factor to the decedent's death" and that "a major contributing factor is a substantial contributing factor." Referee's April 16, 1987 decision, findings of fact 10, 11. The referee again granted Claimant's petition. Petitioner appealed to the Board, contending that Dr. Maylock's testimony did not satisfy the proof required by the Supreme Court's decision in *Kusenko*. The Board concluded that Dr. Maylock's testimony provided competent evidence to support the referee's finding that Decedent's silicotic pneumoconiosis was a substantial contributing factor in bringing about death.

On appeal to this court, Petitioner contends that Dr. Maylock's testimony does not provide substantial evi-

---

[2] *Kusenko* was decided after the referee's decision.

dence to support a finding that Decedent's occupational disease was a significant contributing factor in bringing about Decedent's death. Our scope of review, where the Board takes no additional evidence and both parties present evidence, is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of facts are supported by substantial evidence. *Universal Trucking, Inc. v. Workmen's Compensation Appeal Board (Hassell)*, 112 Pa. Commonwealth Ct. 428, 535 A.2d 722 (1988).

The Pennsylvania Supreme Court in *Kusenko* set forth the following test:

> Where there are multiple causes of death and the immediate cause was non-compensable, the requirements of §301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death.

*Id.* at 107, 484 A.2d at 376 (quoting *McCloskey v. Workmen's Compensation Appeal Board,* 501 Pa. 93, 101, 460 A.2d 237, 241 (1983)). Petitioner contends that Dr. Maylock's testimony does not meet the requirements of this test because Dr. Maylock "could not state that any of the secondary causes were more important than any other one." Petitioner's brief at 6. Petitioner asserts that in order to satisfy the *Kusenko* test, Claimant needed to present medical evidence that Decedent's work-related silicosis was *the* substantial contributing factor rather than *a* substantial contributing factor. Petitioner further argues that Dr. Maylock's testimony that more than one secondary cause was a substantial contributing factor in bringing about Decedent's death makes Dr. Maylock's testimony equivocal. We cannot agree.

There is no requirement in the *Kusenko* test that, to be compensable, an occupational disease must be *the sole* substantial contributing factor in bringing about death. Dr. Maylock testified that silicosis, emphysema, and sclerosis of the mesenteric artery all caused the anoxia that in turn caused the small bowel infarction that was the immediate cause of Decedent's death. Maylock deposition at 15, 40-41. Dr. Maylock testified that none of these was more significant than the others. N.T. at 40. However, Dr. Maylock testified that in his medical opinion *all* were major contributing factors to bringing about Decedent's death. *Id*. A medical expert's testimony is not equivocal because he opines that more than one factor was a substantial contributing factor in causing death. Dr. Maylock's testimony constitutes substantial evidence to support the referee's finding that Decedent's occupational silicosis was a substantial contributing factor in bringing about Decedent's death.

Accordingly, we affirm.

## ORDER

AND NOW, April 27, 1989, the order of the Workmen's Compensation Appeal Board in the above captioned matter is affirmed.