572 A.2d 838

**BETHENERGY MINES, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SKIRPAN), Respondents.**

**Herman STRUBE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CONSOL-IDATION COAL COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1990.

Decided March 29, 1990.

278

Stephen I. Richman, with him, Daniel J. Iler and Carl J. Smith, Jr., Ceisler, Richman, Smith Law Firm, Washington, for petitioner, Bethenergy Mines, Inc., and for respondent, Consolidated Coal Co.

John W. McIlvaine, for petitioner, Herman Strube.

Lawrence R. Chaban, Yablonski, Costello, Leckie & Chaban, Washington, for respondent, Frances Skirpan.

John J. Bagnato, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, for amici curiae, Barnes and Tucker Co., Pennsylvania Mines Corp. and Pennsylvania Nat. Ins. Group.

Sandra S. Christianson, Chief Counsel, with her, John T. Kupchinsky, Deputy Chief Counsel, for amici curiae, Dept. of Labor and Industry.

Henry McC. Ingram, Pittsburgh, with him, Kathryn Speaker MacNett, Harrisburg, Buchanan & Ingersoll P.C., Pittsburgh, for amici curiae, Pennsylvania Coal Association.

Thomas R. Bond, Philadelphia, with him, Paul V. Tatlow, Media, and William L. Foley, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, for amicus curiae, Pennsylvania Defense Institute.

Before CRUMLISH, Jr., President Judge, and CRAIG, COLINS, PALLADINO, McGINLEY, SMITH and PELLEGRINI, JJ.

PALLADINO, Judge.

Before this court are the appeals of Bethenergy Mines, Inc. (Bethenergy) and Herman Strube (Strube) from two orders of the Workmen's Compensation Appeal Board (Board). Bethenergy appeals from an order of the Board which affirmed a referee's decision granting Francis Skirpan (Skirpan) death benefits on behalf of her husband, Joseph Skirpan (Decedent). Strube appeals from an order of the Board which reversed a referee's decision granting him benefits for a total disability that arose in the course of his employment with Consolidation Coal Company (Consoli-

dation). Because both appeals raise similar issues, the cases were consolidated for argument.

## I.

The issue central to both cases involves the Board's and this court's scope of review of Workmen's Compensation Referee's findings of fact. Bethenergy and Consolidation (collectively, Employers) propose that this court and the Board adopt a "whole record/substantial evidence review." Employers articulate this review substantially as follows:

> Substantial evidence is evidence which can confer finality upon a referee's decision on the facts. It exists only when, upon an examination of the entire record, the evidence, including the inferences therefrom, is found to be such that a reasonable man, acting reasonably, might have reached this decision; but, on the other hand, if a reasonable man, acting reasonably, could not have reached the decision from the evidence and its inferences, that [sic] the decision is not supported by substantial evidence. The appellate reviewer must read all the evidence of record and then say whether a reasonable man could have decided as the referee did. It is error for the appellate reviewer to determine the substantiality of evidence supporting a referee's decision merely on the basis of evidence which in and of itself justified it without taking into account contradictory evidence from which conflicting inferences could be drawn. The substantiality of evidence must take into account whatever in the record fairly detracts from the referee's finding. When the appellate reviewer cannot conscientiously find that the evidence supporting the referee's finding could be accepted by a reasonable man when viewed in light that the record in its entirety furnishes, including the body of evidence opposed to the referee's view, then the finding must be set aside.

*Strube v. Consolidation Coal Company,* Board opinion of September 21, 1989 at 4.

In the Bethenergy case, the Board declined to make such a review. In Strube's case, the Board adopted the "whole record/substantial evidence review." On appeal to this court, Bethenergy asserts that this court should undertake "whole record/substantial evidence review" and reverse the Board. Strube asserts that the Board exceeded its scope of review in undertaking this type of review.

Employers argue that this court has been improperly reviewing a referee's findings of fact by declaring that we are undertaking substantial evidence review but then actually utilizing an "any competent evidence test." Employers point to a number of cases from this court to demonstrate that an "any competent evidence test" is actually used. Among those cases are *Consolidation Coal Co. v. Workmen's Compensation Appeal Board (Cushey)*, 86 Pa.Commonwealth Ct. 518, 485 A.2d 538 (1984);[1] *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board (Forte)*, 98 Pa.Commonwealth Ct. 98, 510 A.2d 916 (1986); *Mathies Coal Co. v. Workmen's Compensation Appeal Board (Bellicini)*, 102 Pa.Commonwealth Ct. 332, 518 A.2d 335 (1986); and *Hammer v. Workmen's Compensation Appeal Board (Gannondale)*, 105 Pa.Commonwealth Ct. 356, 524 A.2d 550 (1987).

A review of the cases Employers cite in support of this argument reveals that in each case this court applied the substantial evidence test. This court reviewed the records and determined that the referees were presented with conflicting testimony. We held that a referee's credibility determinations were beyond our review and that the testimony of a medical expert was substantial evidence to support the referee's findings of fact. It is clear that Employers and this court differ as to what constitutes the substantial evidence test.

---

1. Employers assert that *Cushey* must be overruled because in that case we specifically declined to re-weigh testimony heard by the referee in evaluating referee's findings of fact under a "whole record/substantial evidence review." Here, Employers concede that a limited re-weighing of the evidence is required under their "whole record/substantial evidence review." For the reasons that follow, we decline to overrule *Cushey*.

In *McGovern v. State Employes' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986), the supreme court held that this court's scope of review regarding findings of fact is governed by the Administrative Agency Law, 2 Pa.C.S. § 704 which requires this court to affirm a finding of fact unless the finding is not supported by substantial evidence. Substantial evidence was not defined in *McGovern.*

In *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky),* 492 Pa. 1, 5, 421 A.2d 1060, 1062–1063 (1980), the supreme court stated as follows:

Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... Hence, appellate review must focus on whether there is rational support in the record, when reviewed as a whole, for the agency action. These principles have repeatedly been stated in another fashion: Review of the findings of fact is limited to the question of whether the lower court's findings are adequately supported by the evidence as a whole; credibility is solely an issue for the finder of fact; and findings of fact will be overturned only if they are arbitrary and capricious. (Citations omitted.)

Under Employers "whole record/ substantial evidence review", this court would re-weigh the evidence to determine whether a reasonable person, while looking at the record as a whole, could have decided as the referee did. However, the supreme court's definition of substantial evidence in *Shinsky* requires this court to examine the whole record to determine whether there is evidence that a rational person could accept to support the referee's conclusion. Under the *Shinsky* definition of substantial evidence, this court is not to weigh evidence but is merely to determine whether the whole record contains evidence which a reasonable person might find sufficient to support the referee's findings. Traditionally, this court has held that a single medical expert's testimony is a reasonable basis upon which a referee may base a finding of fact despite conflicting evidence.

Accordingly, we decline to engage in re-weighing of testimony as proposed in Employers' "whole record/substantial evidence review."

## II. 812 C.D. 1989

Skirpan filed a fatal claim petition alleging that anthracosilicosis and/or coal worker's pneumoconiosis were a substantial contributing factor in Decedent's death. Following hearings, the referee made the following pertinent finding of fact:

5. Your referee has carefully considered all evidence of record in this case, both lay and medical. Based upon the credible and competent medical evidence in this case from Dr. Joshua Perper, your referee hereby concludes that the decedent, Joseph Skirpan, did, in deed, suffer from coal worker's pneumoconiosis and/or anthracosilicosis which arose out of his total and cumulative exposure to coal dust throughout his working experience as a coal miner. Further, your referee finds based on the testimony and reports of Dr. Joshua Perper that the decedent's coal worker's pneumoconiosis and/or anthracosilicosis was a substantial contributing factor in causing his death on May 3, 1985. Although [Bethenergy] offered contrary medical evidence, your referee believes and accordingly finds that the testimony and report of Dr. Joshua Perper was the more persuasive evidence.

The referee awarded Skirpan death benefits and the Board affirmed. Bethenergy appeals raising the following arguments in addition to those discussed above: whether substantial evidence supports the referee's finding that pneumoconiosis and/or anthracosilicosis was a substantial contributing factor in causing Decedent's death; and whether Dr. Perper's testimony was equivocal and failed the test set forth in *Kusenko v. Republic Steel Corp.*, 506 Pa. 104, 484 A.2d 374 (1984).

Bethenergy argues that the referee's finding of fact is not supported by substantial evidence. Bethenergy lists evidence that it contends proves that pneumoconiosis

and/or anthracosilicosis was not a substantial contributing factor in Decedent's death.

The ultimate fact finder in a workmen's compensation case is the referee and he has the sole prerogative of assessing credibility and resolving conflicts in testimony. *Beebe v. Workmen's Compensation Appeal Board (Bendix Corp.)*, 112 Pa.Commonwealth Ct. 578, 535 A.2d 1236 (1988). The referee may accept or reject, in whole or in part, the testimony of any witness. *Id.*

Dr. Joshua A. Perper testified in pertinent part as follows:

Q: Doctor, you made reference to exposing the tissue to polarized light. Can you tell us if that was done here?

A: Yes, it was done.

Q: And, can you tell us why you would do that?

A: Because the silica crystals do not generally leave the tissue, and they are detected in the area of anthracosilicosis as birefringent, small, short, vesicular crystals. And, they have to be evident in order to be able to make this diagnosis with reliability.

Q: Doctor, just to recap your testimony, can you tell us what the immediate cause of death was in this case?

A: The immediate cause of death was arteriosclerotic cardiovascular disease.

Q: Doctor, was there substantial and contributory secondary causes of death in this case?

A: Yes.

Q: Was there an occupational disease listed as one of these secondary causes of death?

A: Anthracosilicosis of lung was listed as a significant contributory cause of death.

Q: Was this disease, in your opinion, Doctor, related to this man's occupation?

A: Yes. He was a coal miner and in my opinion it was related to his occupation.

Q: And, Doctor, was the anthracosilicosis a substantial contributory cause of death in your opinion?

A: Yes. As I said, it was a significantly substantial cause of death—contributory cause of death.

Dr. Perper Deposition of January 9, 1986 at 15–16.

The referee accepted this testimony rather than the contradictory testimony presented by Bethenergy. We hold that Dr. Perper's testimony is such relevant evidence as a reasonable person might accept as adequate to support a conclusion that anthracosilicosis was a substantial contributing factor in Decedent's death.

Next, Bethenergy argues that Dr. Perper's testimony was equivocal because he could not separate the etiological role which cigarette smoking and anthracosilicosis performed in causing Decedent's death.

The Pennsylvania Supreme Court in *Kusenko* set forth the following test:

Where there are multiple causes of death and the immediate cause was non-compensable, the requirements of § 301(c)(2) may be met by a showing with unequivocal medical evidence that the deceased suffered from an occupational disease and that it was a substantial, contributing factor among the secondary causes in bringing about death.

506 Pa. at 107, 484 A.2d at 376 (quoting *McCloskey v. Workmen's Compensation Appeal Board*, 501 Pa. 93, 101, 460 A.2d 237, 241 (1983)). There is no requirement in the *Kusenko* test that, to be compensable, an occupational disease must be the sole substantial contributing factor in bringing about death. *Harbison–Walker Refractories v. Workmen's Compensation Appeal Board (Drake)*, 125 Pa. Commonwealth Ct. 456, 557 A.2d 460 (1989).

Dr. Perper testified that cigarette smoking and anthracosilicosis were both substantial contributing factors in Decedent's death. He could not tell which cause was greater. A medical expert's testimony is not equivocal because he opines that more than one factor was a substantial contributing factor in causing death. *Id.* Dr. Perper's testimony constitutes substantial evidence to support the ref-

eree's finding that anthracosilicosis was a substantial contributing factor in bringing about Decedent's death.

Accordingly, we affirm.

### III. 1890 C.D. 1989

 Strube was employed in the coal mining industry for a period of 44 years. He filed a claim petition alleging that he became either totally or partially disabled as a result of coal worker's pneumoconiosis. After hearings, a referee made the following pertinent finding of fact:

5. Taking into consideration the testimony of the claimant and the diametrically opposed medical deposition testimony offered by the parties herein, it is found as a matter of fact that the claimant became totally and permanently disabled on September 15, 1986 as a result of coal worker's pneumoconiosis. This decision is based upon the testimony of Dr. A. Nathan Alpern, who interpreted the claimant's X-rays as showing coal worker's pneumoconiosis category 1/1/p with interstitial fibrosis bilateral and pulmonary studies showing marked impairment. Dr. Alpern was of the concluding opinion that the claimant was totally and permanently disabled from coal worker's pneumoconiosis. Before making this finding, the deposition testimony of Dr. Joseph Renn and Dr. Robert B. Almeyer was taken into consideration; however, under the circumstances, the fact finder finds the deposition testimony of Dr. A. Nathan Alpern more credible in the instant proceeding.

The referee awarded Strube total disability benefits. Consolidation appealed. The Board, adopting "whole record/substantial evidence review," summarized the expert testimony presented by Consolidation and stated as follows:

Upon review and comparison of these opinions and conclusions, this Board finds it difficult to reject six consistent conclusions by six qualified physicians who all agree that Claimant does not suffer from pneumoconiosis. In fact, compared with the sole opinion of Dr. Alpern, we consider it much more substantial and equally as competent.

Our conclusion is not, and should not be considered to be based solely on the cumulative accounting of medical opinions, but is based on the quality of these opinions coupled with the expertise, qualifications, thoroughness, and degree of certainty of the physicians.... We cannot accept that Dr. Alpern's testimony is substantial enough to support the said decision of the referee....

*Strube v. Consolidation Coal Company,* Board opinion of September 21, 1989 at 6–7. Strube filed this appeal.

Strube argues that the Board exceeded its scope of review and that the referee's finding of fact that Strube is totally disabled as a result of coal worker's pneumoconiosis is supported by substantial evidence. As we stated in part I of this opinion, a function of appellate review is to determine whether the referee's findings of fact are supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Shinsky.* The Board's opinion demonstrates that it re-weighed the evidence and made an independent conclusion as to the credibility of the witnesses and thereby usurped the referee's function as the ultimate fact-finder. *Universal Cyclops Steel Corporation v. Workmen's Compensation Appeal Board (Krawczynski),* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973).

Examining the record, we find that Dr. Alpern's testimony that Strube was totally disabled from coal worker's pneumoconiosis based on his examination of Strube is such evidence that a reasonable person would accept to support the referee's finding that Strube is so disabled.

Accordingly, we reverse.

## ORDER

AND NOW, March 29, 1990, the order of the Workmen's Compensation Appeal Board in the case 812 C.D. 1989 is affirmed. The order of the Workmen's Compensation Appeal Board in the case 1890 C.D. 1989 is reversed.