IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Alvin H. Butz, Inc., | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1682 C.D. 2016 |
| | : | Submitted: January 27, 2017 |
| Workers' Compensation Appeal | : | |
| Board (Wesnak), | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE SIMPSON                    FILED: May 12, 2017

        Alvin H. Butz, Inc. (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the order of a Workers' Compensation Judge (WCJ).  The WCJ's order denied Employer's termination and modification petitions, and granted Drew Wesnak's (Claimant) review petition expanding the work injury description.  Employer argues the WCJ's decision is not supported by substantial evidence, and it is not reasoned.  Employer also asserts the WCJ disregarded its medical evidence supporting termination.  Upon review, we affirm.

**I. Background**

        In May 2014, while working for Employer as a construction laborer, Claimant suffered a work injury.  Employer issued a notice of compensation payable (NCP) on July 24, 2014, accepting liability, and describing the work injury

as a sprain/strain to the right knee. Claimant's average weekly wage (AWW) was $939.60, corresponding to a compensation rate of $626.40.

After Employer engaged in self-help and unilaterally reduced the AWW by $160.40 per week, Claimant filed reinstatement and penalty petitions. The WCJ granted the reinstatement petition, and ordered Employer to reinstate Claimant's compensation rate to $626.40 retroactive to when Employer first reduced the rate. See WCJ Op., 12/19/14; Reproduced Record (R.R.) 148a (December Order). The WCJ also awarded penalties and unreasonable contest fees to Claimant.

At Employer's request, Claimant attended an independent medical examination (IME) with Dr. Eric B. Lebby (Employer's Expert), a board-certified orthopedic surgeon. Employer's Expert opined Claimant fully recovered from a degenerative medial meniscus tear and osteoarthritis of the right knee.

In October 2014, Claimant filed a review petition seeking an amendment of the injury description to include a right knee medial meniscus tear and aggravation of osteoarthritis of the right knee. Also, Claimant filed a penalty petition based on Employer's non-compliance with the WCJ's December Order.

Based upon the IME, Employer filed a termination petition. The same day, Employer filed a modification petition, alleging the AWW set forth in the NCP was incorrect because it presumed a 40-hour work week. Employer asserted the correct compensation rate was $466.00, and it sought a credit for any overpayment of compensation benefits.

The WCJ held several hearings on the three petitions.[1]  In support of his review petition, Claimant submitted the deposition testimony of his treating physician, Dr. Nicholas Slenker (Treating Physician).  Claimant also testified on his own behalf.

Claimant testified his right knee buckled after performing demolition work for Employer.  He has had constant pain in his right knee while walking or climbing stairs ever since.  He did not experience such pain before the work injury.

Treating Physician began treating Claimant on a monthly basis in June 2014, with injections and physical therapy, for right knee pain.  He observed Claimant had tenderness in the medial aspect of the right knee with decreased range of motion.  WCJ's Op., 10/8/15, Finding of Fact (F.F.) No. 8(c). He noted Claimant reported no history of right knee pain before the injury.  Treating Physician confirmed that diagnostic studies showed severe degenerative conditions in the right knee.  He opined the work injury aggravated Claimant's preexisting degenerative conditions in his right knee.  After more recent injection therapies offered little relief (August and September 2014), Treating Physician recommended a total knee replacement as a result of the aggravation. F.F. No. 8(g).

In support of its modification petition, Employer presented the testimony of General Superintendent Thomas Grannetino (Superintendent).  In support of its termination petition, it submitted the deposition testimony of Employer's Expert.

_____

[1] Claimant withdrew his penalty petition during the last hearing; thus, it is not before this Court.

3

Superintendent testified as to Claimant's dates of employment. He confirmed Claimant was employed on a full-time basis, with the expectation that he would be available to work 40 hours per week. However, Claimant only worked for more than 40 hours in one of his nine weeks of employment.

Employer's Expert acknowledged he examined Claimant once, when he performed an IME in September 2014. He opined Claimant's right knee pain related to pre-existing osteoarthritis, and any restrictions were caused by the osteoarthritis, not the work injury. He further opined Claimant fully recovered from the work-related sprain of his right knee.

Ultimately, the WCJ granted Claimant's review petition, and denied Employer's termination and modification petitions. Because Claimant established his arthritis related to the work injury, the WCJ amended the injury description to include "aggravation of osteoarthritis of the right knee." Conclusion of Law (C.L.) No. 3. The WCJ determined Claimant did not fully recover from his work injury. He also concluded Employer expected Claimant to work a 40-hour week. The WCJ credited both Claimant's testimony and Superintendent's testimony. He also found Treating Physician's opinion more persuasive than that of Employer's Expert.

Employer appealed to the Board, arguing the WCJ did not issue a reasoned decision, and the decision was not supported by substantial, competent medical evidence. Further, Employer asserted the WCJ capriciously disregarded its medical expert's opinion regarding Claimant's recovery. Employer also challenged the AWW calculation.

4

The Board affirmed the WCJ, concluding the WCJ's findings were supported by substantial evidence. The Board reasoned the WCJ was within his prerogative as fact-finder to credit one medical expert over another. The Board determined the AWW calculation was appropriate because Claimant was expected to work a 40-hour work week. Bd. Op., 9/13/16, at 11.

Employer now petitions for review. After argument, this Court denied Employer's request for a supersedeas, reasoning Employer did not show a strong likelihood of success on the merits.

## II. Discussion

On appeal,[2] Employer contends the Board erred in concluding Treating Physician's opinion was competent evidence supporting expansion of the work injury. Employer also asserts the WCJ's decision was not supported by substantial evidence and was not reasoned.

## A. Review Petition

To establish a work-related aggravation of a pre-existing condition, a claimant must show a causal connection between the work injury and the aggravation. Chick–Fil–A v. Workers' Comp. Appeal Bd. (Mollick), 792 A.2d 678 (Pa. Cmwlth. 2002). Where there is no obvious connection between work and the aggravation, unequivocal medical evidence is required. Id.

---

[2] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights were violated. Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger), 38 A.3d 1037 (Pa. Cmwlth. 2011).

5

Medical evidence is competent when "[an] [expert's] opinion is sufficiently definite and unequivocal to render it admissible." Pryor v. Workers' Comp. Appeal Bd. (Colin Serv. Sys.), 923 A.2d 1197, 1203 (Pa. Cmwlth. 2006). The competency of medical evidence is a legal conclusion reviewable on appeal. Id.

By contrast, it is solely for the WCJ as fact-finder to assess credibility and resolve evidentiary conflicts. Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison), 819 A.2d 164 (Pa. Cmwlth. 2003). A WCJ may reject the testimony of any witness, in whole or in part, including medical experts. Griffiths v. Workers' Comp. Appeal Bd. (Red Lobster), 760 A.2d 72 (Pa. Cmwlth. 2000). A WCJ's acceptance of one medical expert's opinion over that of another cannot serve as a basis for reversible error. Jenkins v. Workmen's Comp. Appeal Bd. (Woodville State Hosp.), 677 A.2d 1288 (Pa. Cmwlth. 1996). Indeed, a single medical expert's testimony is a reasonable basis upon which a WCJ may base a finding of fact despite conflicting evidence. Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan), 572 A.2d 838 (Pa. Cmwlth. 1990), aff'd, 612 A.2d 434 (Pa. 1992).

Here, Claimant submitted the deposition testimony of Treating Physician who opined that the work injury aggravated Claimant's pre-existing osteoarthritis of the knee, which was previously asymptomatic. Specifically, as to aggravation, Treating Physician testified:

> [Claimant] described to me never having difficulties with the knee, being able to perform his job without limitations prior to this day. And after this day [that he sustained the work injury], he's had dramatic and significant pains. And while he certainly didn't develop the arthritis after this injury, I believe

6

that <u>the injury – there's a direct correlation with the aggravation of the arthritis that is not relenting</u>.

R.R. at 26a (emphasis added). Treating Physician also opined "the majority of his pain is coming from an aggravation of his arthritis. He continues to have persistent pain which he denied having prior to this injury, therefore I would say that <u>he most certainly aggravated this preexisting condition that day</u> and his pain has not subsided since." R.R. at 27a (emphasis added). Because injection therapy ceased reducing his right knee pain, Claimant underwent total knee replacement surgery.

First, Employer challenges Treating Physician's testimony as equivocal. We determine equivocality by reviewing a medical expert's testimony in its entirety. <u>Lewis v. Workmen's Comp. Appeal Bd. (Pittsburgh Bd. of Educ.)</u>, 498 A.2d 800 (Pa. 1985). "A medical witness's use of words such as 'probably,' 'likely,' and 'somewhat' will not render an opinion equivocal so long as the testimony, read in its entirety, is unequivocal and the witness does not recant the opinion or belief first expressed." <u>Bemis v. Workers' Comp. Appeal Bd. (Perkiomen Grille Corp.)</u>, 35 A.3d 69, 72 (Pa. Cmwlth. 2011). Here, throughout his testimony, Treating Physician used decisive language that was unequivocal. R.R. 27a ("certainly aggravated").

Next, Employer contends an expert's opinion is not sufficient unless it clearly conveys the aggravation was a "substantial" factor as opposed to merely a contributing factor. <u>Chicoine v. Workmen's Comp. Appeal Bd. (Transit Mgmt. Serv.)</u>, 633 A.2d 658, 662 (Pa. Cmwlth. 1993). However, an expert is not required to use specific phrases provided his testimony permits a valid inference of causation. <u>Pa. State Univ. v. Workers' Comp. Appeal Bd. (Rabin)</u>, 53 A.3d 126 (Pa. Cmwlth. 2012). Treating Physician's "direct correlation" language meets the standard. R.R. at 26a.

7

Employer also argues Treating Physician's opinion is based on an assumption that Claimant did not have prior knee pain, such that it is contrary to established facts of record. We discern no merit in Employer's argument.

The cases Employer cites for the proposition that Treating Physician's opinions are incompetent as a matter of law are easily distinguished. See, e.g., Newcomer v. Workmen's Comp. Appeal Bd. (Ward Trucking Corp.), 692 A.2d 1062 (Pa. 1997); Lewis; Williams v. Workers' Comp. Appeal Bd. (Hahnemann Univ.), 834 A.2d 679 (Pa. Cmwlth. 2003). Significantly, in each case, the medical expert's opinion relies on an assumption. In Newcomer, the expert's testimony was inconsistent with claimant's medical history and earlier testimony regarding the mechanism of injury. In Lewis, the expert presumed a causal connection based on temporal proximity between the work incident and claimed injury. In Williams, the experts' opinions were contrary to a WCJ's finding in an earlier proceeding. Thus, the experts disregarded established facts in the case.

Here, Employer identifies no assumption that lacks evidentiary basis, or any established facts with which Treating Physician's opinion conflicts. Contrary to Employer's characterization, Treating Physician's opinion that Claimant's "current pain is proof of an aggravation that made the degenerative findings symptomatic" is not "an assumption based on nothing." Pet'r's Br. at 17. Rather, the foundation for Treating Physician's opinion is contained in the record and consistent with Claimant's testimony. R.R. at 25a-27a. Employer suggests it is an established fact that Claimant experienced pain before the work injury despite his definitive testimony that he did not have right knee pain before. R.R. at 176a-77a.

A claimant's testimony of pain, credited by the fact-finder, may be sufficient as a matter of law to justify expansion of an injury. Meadow Lakes Apartments v. Workers' Comp. Appeal Bd. (Spencer), 894 A.2d 214 (Pa. Cmwlth. 2006). The WCJ credited Claimant's complaints of pain, and his testimony that he did not experience knee pain before the work injury. F.F. Nos. 7, 11.

We deem Treating Physician's opinion as to Claimant's aggravation, connecting his osteoarthritis to the work injury, competent and unequivocal medical evidence in support of the WCJ's findings. Lewis. His testimony establishes causation without using the phrase "substantial contributing factor." Rabin. Moreover, the WCJ credited the opinion of Treating Physician, finding him more persuasive than Employer's Expert. F.F. No. 12. That is the prerogative of the WCJ as fact-finder. Bethenergy Mines.

Because the expansion of the injury is supported by substantial, competent evidence, we affirm the Board's grant of Claimant's review petition.

**B. Modification**

Next, we consider whether the Board erred in affirming the WCJ's denial of Employer's modification petition seeking credit for an alleged overpayment of benefits. Employer contends Claimant's AWW was calculated incorrectly in the NCP. Specifically, it asserts that the WCJ erred in using an expectation of earnings calculation premised on a 40-hour work week.

9

Section 309(d.2) of the Workers' Compensation Act (Act),[3] provides that "if the employe has worked less than a complete period of thirteen calendar weeks and does not have fixed weekly wages, the [AWW] shall be the hourly wage rate multiplied by the number of hours the employee was expected to work per week under the terms of employment." 77 P.S. §582(d.2). Section 309(d.2) covers "recently-hired employees for whom there was ... no accurate measure of AWW other than taking *the existing hourly wage* and projecting forward on the basis of *the hours of work expected* under the employment agreement." Anderson v. Workers' Comp. Appeal Bd. (F.O. Transp.), 111 A.3d 238, 244 (Pa. Cmwlth. 2015) (italics in original) (quoting Reifsnyder v. Workers' Comp. Appeal Bd. (Dana Corp.), 883 A.2d 537, 547 (Pa. 2005)). The determination of a claimant's hourly wage for calculation of the AWW is a question of fact to be answered by the WCJ. Laher Mech. v. Workers' Comp. Appeal Bd. (Floyd), 933 A.2d 1095 (Pa. Cmwlth. 2007).

There is no dispute as to Claimant's hourly wage, $23.49 per hour. See R.R. at 81a; 178a. Employer challenges only the method of calculation, which assumed a 40-hour work week.

Claimant had an intermittent work schedule. F.F. No. 7. He had not completed a full 13-week quarter with Employer. R.R. at 178a-79a. As a result, Section 309(d.2) of the Act, required the WCJ to calculate Claimant's wages based on an expectation of earnings. Anderson. Superintendent confirmed Claimant had an expectation of a 40-hour work week. F.F. No. 10; R.R. at 205a.

---

[3] Added by Act of June 24, 1996, P.L. 350.

10

Using the expectation of a 40-hour work week, Claimant is entitled to an AWW of $939.60 ($23.49 x 40). Therefore, the AWW rate in the NCP was correct, and the Board properly denied Employer's modification petition.

### C. Termination

To succeed in a termination petition, an employer bears the burden of proving by substantial evidence that a claimant's disability ceased, or any remaining conditions are unrelated to the work injury. Gillyard v. Workers' Comp. Appeal Bd. (Pa. Liquor Control Bd.), 865 A.2d 991 (Pa. Cmwlth.) (en banc), appeal denied, 882 A.2d 1007 (Pa. 2005). An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from his work-related injuries. Westmoreland Cnty. v. Workers' Comp. Appeal Bd. (Fuller), 942 A.2d 213 (Pa. Cmwlth. 2008).

Employer admits Claimant continues to suffer pain in his right knee; however, it maintains his pain is not attributable to the work injury because it is caused by his pre-existing osteoarthritis. Thus, Employer does not account for the WCJ's crediting of Treating Physician's opinion that Claimant's injury included aggravation of his osteoarthritis. In fact, Employer's Expert did not offer a medical opinion as to Claimant's recovery from the aggravation.

The WCJ found Treating Physician more persuasive than Employer's expert, emphasizing his monthly treatment history in contrast to Employer's Expert's single examination. F.F. Nos. 8, 9, 12. Moreover, the WCJ did not credit

Employer's Expert's opinions as to Claimant's recovery. Indeed, the WCJ stated his opinions "defie[d] logic." F.F. No. 12.

Essentially, Employer asks this Court to reweigh the credibility of the medical experts. On appeal, neither the Board nor a reviewing court may reweigh a WCJ's credibility determinations. Furnari v. Workers' Comp. Appeal Bd. (Temple Inland), 90 A.3d 53 (Pa. Cmwlth. 2014). In addition, an adverse credibility determination is not a capricious disregard of that testimony. Williams v. Workers' Comp. Appeal Bd. (USX Corp.-Fairless Works), 862 A.2d 137 (Pa. 2004).

The WCJ's finding that "Claimant has not fully recovered from his 5/27/2014 work injury," F.F. No. 22, is amply supported by Treating Physician's testimony, and is consistent with Claimant's complaints of pain. Lewis; Meadow Lakes. Accordingly, Employer did not prove Claimant fully recovered.

**D. Reasoned Decision**

Section 422(a) of the Act provides, in pertinent part, that "[a]ll parties to an adjudicatory proceeding are entitled to a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions so that all can determine why and how a particular result was reached," and that "[t]he adjudication shall provide the basis for meaningful appellate review." Section 422(a) of the Act requires a WCJ to set forth the rationale for the decision by specifying the evidence relied upon and reasons for accepting it. Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.), 828 A.2d 1043 (Pa. 2003). When

12

presented with conflicting evidence, the WCJ must adequately explain the reasons for rejecting or discrediting competent evidence. Id. at 1047. The WCJ may not reject uncontroverted evidence without reason or for an irrational reason, but must identify such evidence and adequately explain the reasons for its rejection. Id.

Employer contends the WCJ's decision is not reasoned because the WCJ credited Treating Physician's opinion that the work injury caused an aggravation of Claimant's pre-existing arthritis, and so expanded the injury to include that aggravation. The WCJ's decision to credit one expert over another is not grounds for holding a decision not reasoned. PEC Contr'g Eng'rs v. Workers' Comp. Appeal Bd. (Hutchison), 717 A.2d 1086, 1088 (Pa. Cmwlth. 1998) (reasoned decision where WCJ credited claimant's expert because of treatment history and rejecting employer's expert who saw claimant twice).

Relevant here, the WCJ explained his credibility determination. He noted Treating Physician followed Claimant's progress monthly since June 2014; thus, he found "Treating Physician more credible and persuasive than [Employer's Expert]." F.F. No. 12. Moreover, the WCJ offered sufficient explanation to allow adequate appellate review by the Board and this Court.

We also determine the WCJ's opinion is reasoned because the WCJ's findings are supported by competent, substantial evidence of record. As explained above, Treating Physician's opinion was competent, unequivocal, and sufficiently definitive as to causation. Lewis. Further, his opinion was consistent with Claimant's knee pain complaints and symptomology.

13

### III. Conclusion

For the foregoing reasons, the Board's order is affirmed.

_____
ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin H. Butz, Inc.,                     :
                          Petitioner     :
                                         :
            v.                           :       No. 1682 C.D. 2016
                                         :
Workers' Compensation Appeal             :
Board (Wesnak),                          :
                          Respondent     :

# **O R D E R**

AND NOW, this 12th day of May, 2017, the order of the Workers'
Compensation Appeal Board is AFFIRMED.


_____
ROBERT SIMPSON, Judge